IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PREFERRED CONTRACTORS             CASE NO: 16-CV-62873 WPD
INSURANCE COMPANY RISK            JUDGE: DIMITROULEAS
RETENTION GROUP, LLC              MAG. JUDGE: SNOW

     Plaintiff,
vs.

RODERICK CARSWELL, EAZY
CONSTRUCTION, INC.,

     Defendants.
_____/

## DEFENDANT'S RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS

COME NOW, the Defendant, EAZY CONSTRUCTION, by and through the undersigned counsel, and pursuant to Rule 54 of the Fed. R. Civ. Proc., Local Rules 7.3, and the Court's order of October 23, 2019 (Doc. 100) moves this Court for an order awarding Defendant reasonable attorneys fees and costs incurred in the defense of this action, and as grounds thereof would state:

Procedural History

1. This was an action brought by Plaintiff/insurer PCIC in December 2016 seeking a declaratory judgment as to its duty to defend and indemnify its insured, Defendant Eazy Corp., pursuant to a general liability insurance policy, for damages pled by Defendant Carswell in a negligence lawsuit filed in Broward County Circuit Court in October 2014 against Eazy.

2. On November 16, 2017, this Court issued an order (Doc.60) granting in part Eazy's Amended Motion for Summary Judgment, finding the PCIC did have a duty to defend Eazy in the underlying state action. The order stated there was insufficient evidence to resolve the question of PCIC's duty to indemnify. On November 27, 2017, this Court entered an order staying the case

pending the resolution of the underlying state action. (Doc. 62)

3. On or about December 6, 2017, Eazy filed its initial Motion for Attorneys Fees and Costs (Doc. 64) which was referred to U.S. Mag. Judge Lurana Snow for a Report and Recommendation. (Doc. 65) The parties briefed the issues and oral argument was held February 13, 2018.

4. On February 16, 2018, Judge Snow issued her Report and Recommendation (Doc. 81). Since the only issue resolved at the time was that of duty to defend, in the interest of judicial economy, the Court determined the fees issue should be addressed at the conclusion of the state proceedings. Based on the still un-resolved issue of the duty to indemnify, the Court concluded Eazy's motion should be denied without prejudice to be renewed at the conclusion of the underlying state proceedings. Neither party objected to the report and the District Judge entered an order Adopting the Report and Recommendation (Doc. 82)

5. From April 2018 through August 2019, the parties filed a monthly joint status report advising the Court the underlying state action was still active. In June 2019, Carswell, plaintiff in the underlying state action, and PCIC entered into a settlement agreement wherein PCIP paid Carswell, on behalf of Eazy, a financial amount in full and final settlement of his claim, in exchange for a full release. Pursuant to the settlement agreement, the state court entered an agreed order of dismissal on October 7, 2019.

6. With the state proceedings now concluded, the parties filed a joint status report (Doc. 99) acknowledging that with PCIC's duty to indemnify Eazy rendered moot by the settlement of the underlying case, the parties agreed that dismissal of the case was proper. The sole remaining issue was Eazy's entitlement to and amount of attorney's fees. The District judge referred this matter

back to Judge Snow for determination of that issue.

   Eazy's' Entitlement to and Amount of Fees

   7.   Based on the arguments presented and discussed at the previous hearing, the dispositive question of the attorney's entitlement issue is whether F.S. 627.428, the Florida statute entitling an insured to recover attorney fees in a successful defense of a dec action brought by the insurer, is applicable to this action or is preempted by the Federal Liability Risk Retention Act of 1986, 15 U.S.C. 3901, *et seq.* (the "Liability Risk Retention Act" or "LRRA").  It is Eazy's position that preemption does not apply and it is entitled to the awarding of attorney's fees pursuant to F.S. 627.428.  As this Court noted during the February 13, 2018 hearing, there is no federal or state caselaw directly addressing this issue.

   8.   Defendant is seeking an award of $375.00 per hour for 105.3 hours expended in defense of this action for a total amount to date of $39,487.50.  Defense counsel has previously been awarded in excess of this hourly fee in numerous state actions involving contracts.  Defense counsel requests leave to amend this amount to include any additional time incurred after the filing of this motion.

   9.   The undersigned counsel was originally retained by Eazy Construction in December 2016 on an hourly fee agreement.  The agreement was modified in January 2017 when Eazy could not pay the fees incurred to date and was contemplating dissolution and abandoning the defense of the case.  Counsel agreed to wait to the conclusion of the case and seek recovery of fees from PCIC if the defense proved successful.

   10.   All legal services were performed by Bradley E. Lolus, Esq. of the Law Office of BRADLEY E. LOLUS, P.A.   Mr. Lolus, a solo practitioner since 1993, has been a practicing

attorney in Florida for over 33 years handling mostly commercial litigation in state and federal court, at both the trial and appellate levels.  Mr. Lolus has represented both Plaintiffs and Defendants in contract related matters.  Mr. Lolus has tried to verdict approximately 80 jury trials and approximately 35 non-jury trials and arbitrations.

11. The time expended on each individual task is reflected in the attached time sheets kept contemporaneously with the described activity.

12. The expense claimed which is not taxable under 28 U.S.C. § 1920 is $560 for mediation ordered by the Court. (invoice attached)

13. The undersigned attempted in good faith to resolve the issues of entitlement and amount with opposing counsel.  Plaintiff counsel has objected to both Defendant's entitlement to fees and the amount claimed.

14. Based on the authority in the accompanying memorandum of law, Defendant Eazy Corp. is entitled to the awarding of attorney's fees currently in the amount of $39,487.50 and costs of $560.

WHEREFORE, Defendant Eazy Construction respectfully requests this Court grant this motion and enter an order awarding reasonable attorney's fees and costs.

BRADLEY E. LOLUS, P.A.
Attorney For Defendant EAZY CONST.
4300 N. University Drive
Suite A-106
Lauderhill, FL 33351
Tel: (954) 749-3400
E-mail: BELPSU@aol.com
/s/ Bradley E. Lolus
Bradley E. Lolus
Fla. Bar #603041

Law office of

# BRADLEY E. LOLUS, P.A.

4300 North University Drive
Suite A-106
Lauderhill, Florida 33351

Telephone: (954) 749-3400
E-Mail: BELPSU@aol.com

## STATEMENT OF BILLING

Statement for legal services rendered to Eazy Corporation. December 1, 2016 through November 4, 2019

STYLE: **Preferred Contractors Insurance Company v. Eazy Corp.**
CASE NUMBER: 16-CV-62873, U.S. Federal District Court, Southern District of Florida, Ft. Laud. Division
JUDGE: Dimitrouleas/Snow

| DATE | ACTIVITY | TIME |
|---|---|---|
| Dec 29 | Initial meeting w/client | 2.2 |
| Dec 30 | Draft and file Motion for Extension of Time to Respond to Complaint | 0.4 |
| | E-mail to Atty. Shindore | 0.1 |
| Dec 31 | Rec. & rev. email | 0.1 |

<u>2017</u>

| | | |
|---|---|---|
| Jan 03 | Begin review of state file from clerk | 2.3 |
| | E-mail to Atty. E. White | 0.1 |
| | Rec. & rev. Not. Appearance: co-def | 0.1 |
| | Tel. conf. w/ client | 0.2 |
| Jan 04 | Rec. & docket signed order | 0.1 |
| | Begin review of complaint and exhibits | 2.5 |
| | Research issue of duty to defend | 2.0 |
| | E-mail to client | 0.1 |
| Jan 05 | Rev. & download pleading from clerk | 1.0 |
| Jan 09 | Tel. conf w/ Atty White | 0.1 |
| | Research issue of ROR and coverage defense | 2.0 |
| Jan 10 | E-mail to client | 0.1 |
| Jan 18 | Complete answer and e-file | 1.0 |
| | Draft & file Corp. Disclosure Stmt. | 0.2 |

1

| Date | Description | Hours |
|---|---|---|
| Jan 22 | Rec. & rev. order: Joint Scheduling Rpt. | 0.2 |
| Jan 27 | Rev. & resp. to email from Pl. | 0.2 |
| Jan 28 | Begin research Mot. For SJ | 2.0 |
| Jan 30 | Draft affidavit, meeting with cl. | 1.5 |
| Feb 04 | Continue researching Mot. For SJ | 2.5 |
| Feb 05 | Rec. & rev. Pl.'s Mot for Default against co-def. | 0.2 |
| Feb 06 | Begin drafting Mot. For SJ | 3.0 |
| Feb 07 | Continue drafting Mot. For SJ | 6.0 |
| Feb 08 | Finish Mot. For SJ, file | 1.3 |
| Feb 09 | Tel conf. w/ Pl. Counsel | 0.2 |
| Feb 12 | Rec. & rev. default | 0.1 |
| Feb 20 | Tel. conf. w/ Pl. Counsel | 0.1 |
| Feb 21 | Rec. & rev. proposed order | 0.1 |
| Feb 22 | Rec. & rev. rule to show cause: Lack of prosc. | 0.2 |
| | Rec. & rev. signed order: ext. time | 0.1 |
| Feb 24 | Rec. & rev. Co-def. Mot. to Vacate Default and answer | 0.3 |
| Feb 28 | Rec. & rev. Pl.'s response to RSC | 0.2 |
| Mar 01 | Rec. & rev. Order vacating RSC | 0.1 |
| Mar 03 | Rec. & rev. co-def answer and aff. def | 1.0 |
| Mar 09 | Rec. & rev. Pl.'s Response to Mot for SJ | 1.2 |
| Mar 13 | Rec. & rev. order striking motion | 0.2 |
| Mar 15 | Research and draft Amended Motion for SJ, Statement of Undisp. Mat. Facts | 2.0 |
| Mar 16 | Modify motion and e-file | 0.1 |
| Mar 20 | Rec. & rev. prop. joint scheduling | |

```
            report & order                              0.3

Apr  03     Rec. & rev. Pl.'s Response to Amd. Mot.
            for SJ                                      1.0

Apr  05     Rec. & docket scheduling order              0.2

Apr  07     Rec. & calendar trial order                 0.2
            Rec. & rev. discovery order                 0.2

Apr  20     Rec. & resp. e-mails:                       0.2

Apr  21     Rec. & rev. agreed Motion for Extension
            Select Mediator                             0.1

Apr  22     Rec. & rev. Notice of Mediator              0.1

Apr  26     Rec. & rev. order: moot                     0.1

May  05     Rec. & rev. Pl.'s Motion for SJ             0.8
            Review policy/Pl.'s caselaw                 2.0

May  08     Rec. & reply to e-mail: mediation           0.1

May  30     Rec. & rev. Joint Motion to Stay SJ
            Ruling pending mediation                    0.1
            Tel. conf. W/ cl.                           0.2
            Rec. & rev. e-mails: Mediator               0.2

Jun  01     Rec. & rev. order: striking SJ              0.2

Jun  05     e-mail update to client                     0.6

Aug  18     Rec. & resp e-mail: mediation               0.1

Sep  18     Rec. & rev. Pl.'s Renewed Mot for SJ        0.2
            Refile Def. Mot. for SJ                     0.2

Sep  01     Rec. & resp. e-mail                         0.1

Sep  19     Rec. & rev. e-mail                          0.1
Sep  26     Rec. Order to Show cause                    0.1

Sep  29     Rev. & resp to Rule to Show Cause           1.7
            Rec. & res. E-mail Ref. Extension           0.1
            Rec. & resp e-mail: mediation               0.1

Oct  03     Rec. & rev. Pl.'s response to renewed
            Mot. For SJ                                 0.7

Oct  04     Rec. & rev. order striking renewed Mot.
            For SJ                                      0.2
```

3

| Date | Description | Hours |
|---|---|---|
| Oct 05 | Rec. & rev. Pl.'s amended Mot for SJ, Aff., and Stmt. Of Und. Facts | 0.7 |
| Oct 12 | Rec. & rev. Pl.'s Response to Amd. Mot. For SJ and Mat. Facts | 1.2 |
| Oct 18 | Rec. & rev. corresp: mediator | 0.1 |
| Oct 19 | Rec. & rev. prop. notice and order | 0.1 |
| Oct 20 | Rec. & docket Amended Not. Med. | 0.1 |
| Nov 03 | Rec. & rev. e-mail: Pre-trial stip. | 0.1 |
| Nov 06 | Rec. & review Pl.'s proposed Joint Pre-trial Stip | 1.2 |
| Nov 10 | Rec.& rev. Mot. to Extend Trial Deadlines | 0.2 |
| Nov 14 | Draft & forward Def.'s additions to Joint Pre-trial Stip | 1.0 |
| Nov 16 | Rec. & rev. Order on Summary Judgment | 0.4 |
| | Research issue of stay and draft proposed motion | 1.3 |
| | Corresp to client | 0.3 |
| Nov 17 | E-mail to Pl. counsel | 0.1 |
| | E-mail to co-def. Counsel | 0.1 |
| Nov 20 | E-mail and tel. conf w/ Pl. Counsel | 0.2 |
| Nov 21 | Rec., rev.& resp to Pl. Proposed Joint Motion for Stay | 0.2 |
| Nov 27 | Rec. & rev order granting stay | 0.1 |
| Nov 28 | Rev for mediation | 1.2 |
| | E-mail to cl. | 0.1 |
| Nov 29 | Meeting w/ cl., attend mediation | 4.0 |
| Nov 30 | E-mail to Atty. Shindore, re: atty fees & time sheets | 0.1 |
| | Rec. & resp. email | 0.1 |
| Nov 30 | Begin research issue of liability of RRG for attorney's fees pursuant to 627.428 | 2.5 |

| Date | | Description | Hours |
|---|---|---|---|
| Dec | 01 | Rec. & rev. Pl.'s PFS | 0.1 |
| | | Draft & send letter to E. White | 0.3 |
| Dec | 05 | Finish research for and draft Motion for Attorney Fees | 2.5 |
| Dec | 07 | Rec. & rev. order referring motion to Magistrate | 0.1 |
| Dec | 22 | Rec. & review Plaintiff's Response to Motion for Fees | 2.0 |
| Dec | 26 | Research and draft Defendant's Reply to Response and Memo of Law | 6.0 |
| 2018 | | | |
| Jan | 02 | Rec. & rev. Pl.'s Motion to File Sur-Reply | 0.2 |
| Jan | 03 | Rec. & rev order | 0.1 |
| Jan | 08 | Rec. & review Sur-reply | 0.6 |
| Jan | 10 | Draft & file Mot. To File Reply | 0.2 |
| Jan | 11 | Rec. & rev. order | 0.1 |
| | | Draft & file Reply | 1.5 |
| Jan | 16 | Rec.& docket Notice of Hearing | 0.1 |
| Jan | 23 | Review additional resources on RRG exemption | 3.5 |
| Feb | 08 | Review for hearing | 2.0 |
| Feb | 13 | Attend hearing | 1.5 |
| Feb | 17 | Rec. & review Report & Recommendations | 0.4 |
| | | Letter to client | 0.3 |
| Mar | 06 | Rec. & rev. order adopting Report & Recommendations | 0.1 |
| Apr | 09 | Rec. & rev. Joint Status report | 0.1 |
| May | 11 | Rec. & rev. Joint Status report | 0.1 |
| Jun | 19 | Rec. & rev. Joint Status report | 0.1 |
| Jul | 26 | Rec. & rev. Joint Status report | 0.1 |
| | | E-mail to/from client | 0.2 |

| | | | |
|---|---|---|---|
| Sep | 26 | Rec. & rev. Joint Status report | 0.1 |
| Oct | 26 | Rec. & rev. Joint Status report | 0.1 |

2019

| | | | |
|---|---|---|---|
| Jan | 22 | Rec. & rev. Joint Status report | 0.1 |
| Feb | 22 | Rec. & rev. Joint Status report | 0.1 |
| Mar | 25 | Rec. & rev. Joint Status report | 0.1 |
| Apr | 24 | Rec. & rev. Joint Status report | 0.1 |
| May | 24 | Rec. & rev. Joint Status report | 0.1 |
| Jun | 07 | Letter to cl. | 0.2 |
| Jun | 24 | Rec. & rev. Joint Status report | 0.1 |
| Jul | 23 | Rec. & rev. Joint Status report | 0.1 |
| Aug | 22 | Rec. & rev. Joint Status report | 0.1 |
| Oct | 11 | Rec. & rev. general release and order of dismissal, review docket | 0.2 |
| | | E-mail to /from client | 0.2 |
| | | Draft & forward to Atty. Shindore Motion for Lift of Stay | 0.4 |
| Oct | 14 | Research: Updated caselaw or other authority on preemption | 5.0 |
| Oct | 15 | Modify and file Motion to Lift Stay | 0.2 |
| Oct | 16 | Rec. & review order for status report | 0.1 |
| Oct | 17 | Draft & forward proposed joint status report | 0.2 |
| Oct | 18 | Research for and draft Motion for SJ as to indemnification issue following settlement | 3.0 |
| | | Tel. conf. w/ Atty. Scher | 0.2 |
| Oct | 22 | E-mail to Atty. Shindore w/ amended status report | 0.1 |
| Oct | 25 | Rec. & rev. order lifting stay | 0.1 |
| Oct | 30 | Draft Renewed Motion for Atty Fees | 0.7 |
| | | Begin draft of memo of law in support | 3.5 |

```
Oct   31    Complete memo of law                            5.0
           _____
```

**TOTAL HOURS BILLED THIS STATEMENT:**                         105.3