IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PREFERRED CONTRACTORS            CASE NO: 16-CV-62873 WPD
INSURANCE COMPANY RISK           JUDGE: DIMITROULEAS
RETENTION GROUP, LLC             MAG. JUDGE: SNOW

    Plaintiff,
vs.

RODERICK CARSWELL, EAZY
CONSTRUCTION, INC.,

    Defendants.
_____/

## MEMO OF LAW IN SUPPORT OF DEFENDANT EAZY CONSTRUCTION, INC.'S RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS

As previously stated in the motion, despite diligent efforts, Eazy was unable to find any caselaw, whether at the federal or state level, which directly addresses the issue of attorney fees as presented in this action. It is believed there is no controlling or persuasive authority which stands for the position taken by PCIC that F.S. 627.428, the authority upon which Eazy bases its entitlement to fees, is inapplicable to a risk retention group insurer issuing policies in Florida. Eazy's position is that 627.428 is not preempted by the federal legislation governing risk retention groups (15 USC sec 3901, et seq., "LRRA") and therefore applies to this action.

**Failure to Provide Notice**

Before even beginning to address the issues of whether F.S. 627.428 is preempted, this motion can be decided simply on the basis of PCICs' failure to comply with those requirements NOT preempted by the LRRA, in particular F.S. 627.944. It is agreed that PCIC is a Risk Retention Group, organized under the laws of Montana and doing business in Florida, and is governed by the

provisions of the Liability Risk Retention Act (LRRA) which preempts some state laws, rules, regulations, and orders. However, preemption is not absolute. 15 USC sec. 3902(a)(1)(I) states **any state** may require a risk retention group to provide the following notice, in 10-point type, in any insurance policy issued by such group:

> "This policy is issued by your risk retention group. Your risk retention group may not be subject to all of the insurance laws and regulations of your State. State insurance insolvency guaranty funds are not available for your risk retention group."

Florida has such a notice requirement. F.S. 627.944(7) requires every policy issued in Florida by a risk retention group certificated or licensed in states other than Florida and seeking to do business as a risk retention group in Florida **must** include such notice on the front page and declaration page of the policy. A review of the front page and declaration page of the policy issued by PCIC to Eazy, attached as an exhibit to the complaint, contains no such notice.

PCIC should be estopped from its claim of preemption for its failure to comply with those requirements specifically not preempted. If you adopt PCICs's position that the LRRA exempts a specific kind of insurer, i.e the risk retention group, from the provisions of F.S. 627.428 (which apply to any other insurer in Florida) then failing to include the notice mandated by statute, which unequivocally places an insured on notice of the potential disadvantages of choosing to be insured by an RRG, must extinguish that preemption. After all, what is the point of the notice if not to warn an insured that certain protections provided by the Florida Insurance Code, such as the right to recover fees to pay an attorney if the insurer decides to wrongfully deny coverage, may be contested under this policy? A potential insured would surely consider this an important factor in choosing

coverage through an RRG.    There are other insurance options available.  It is inconceivable that Congress would have intended to permit an RRG to both violate provisions of the LRRA (especially as it relates to consumer protection) but at the same time receive the benefits from preemption, both at the expense of its insured.

This violation alone should render PCIC estopped from attempting to invoke any section of the LRRA as an exemption from F.S. 627.428.   Failing to provide the required notice must have consequences.   PCIC cannot have its cake and eat it too.

**Congress did not intend to exempt RRG's from attorney fees statutes such as F.S. 627.428**

In Florida, attorney fees for a successful insured in litigation with its own carrier are governed by  F.S. 627.428.  Since diversity is the basis for this Court's jurisdiction, substantive matters are governed by state law. *Guar. Trust Co. of NY v. York, 326 US 99, 112 (1945)* Further, where a claim for attorney's fees is based in state law and asserted in a diversity case, federal courts must apply the substantive law of the forum state.   *Trans. Coastal Roofing Inc. v. David Boland, Inc., 309 F.3d 758, 760 (11th Cir. 2002).*   Since there simply is no arguable position as to whether Eazy is the prevailing party in this dec action, the question is whether the provisions of the Liability Risk Retention Act, LRRA, preempts F.S. 627.428 to disallow Eazy the recovery of its attorney fees.

As previously stated, a diligent search by counsel has failed to find any case directly on point. There is however substantial caselaw addressing the issue of preemption. Under the Supremacy Clause, a federal law may expressly or impliedly preempt state law. A state cannot assert jurisdiction where Congress clearly intended to preempt a field of law. See *Chicago & N.W. Transp. Co. v. Kalo Brick & Tile Co.*, 450 U.S. 311, 101 S.Ct. 1124, 67 L.Ed.2d 258 (1981). The United States Supreme

Court has recognized three categories of preemption: (1) express preemption where a federal statute contains "explicit pre-emptive language"; (2) implied field preemption, where the scheme of federal regulation is "so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it"; and (3) implied conflict preemption, in which "compliance with both federal and state regulations is a physical impossibility" or where state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992) (plurality opinion) (explaining categories of preemption recognized in Supreme Court case law).

The LRRA contains no explicit preemptive language concerning the awarding of attorney fees to a successful insured in a first party action against an RRG. There also is not a pervasive scheme of federal rules and regulations (nor caselaw) relating to RRG's and attorney fees so as to indicate field preemption. (Per the LRRA, regulation of RRG's is shared between the federal government and the chartering and non-chartering states). Consequently, Eazy would argue this case must involve the third category of preemption, i.e., implied conflict preemption. See *State v. Harden*, 938 So. 2d 480 (Fla., 2006)

In any preemption case, the court's "ultimate task ... is to determine whether state regulation is consistent with the structure and purpose of the statute as a whole." *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992). This involves "looking to the provisions of the whole law, and to its object and policy." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 51, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)). "The nature of the power exerted by Congress, the object sought to be attained, and the character of the obligations imposed by the law, are all important in considering the question of whether supreme federal enactments preclude enforcement

of state laws on the same subject." *Hines v. Davidowitz*, 312 U.S. 52, 70, 61 S.Ct. 399, 85 L.Ed. 581 (1941).

The LRRA was Congress' answer to the problem of multiple state regulations over the creation and operation of risk retention groups and the discriminatory impact these various regulations imposed. The legislative history of the Act makes clear that Congress intended to exempt RRG's broadly from state law "requirements that make it difficult for risk retention groups to form or to operate on a multi-state basis." House Report, at 5305; see *New York Conf. of Blue Cross Blue Shield Plans v. Travelers Ins. Co.*, 115 S. Ct. 1671, 1677 (1995)(consideration of text, structure, and legislative history of federal statute proper in determining whether state law is preempted). The House Committee Report explains that the Act is a response to the policies of many states that had "prevent[ed] insurance purchasing groups from achieving the advantages in rates and terms derived from the economic efficiency of collective purchasing that could contribute to resolving affordability and availability problems [in the insurance industry]." House Report, at 5305. Hence, the Congress "exempt[ed] risk retention . . . groups from State law, in the respects specified in the [Act], in order to achieve [these] beneficial effects." Id. at 5305-06.

How would exempting RRG's from F.S. 627.428 help to achieve these goals? It would not. F.S. 627.428 is simply a statute addressing the obligation on an insurer to pay the attorney fees incurred by a successful insured in a direct claim with the insurer. The statute does not attempt to "make unlawful, regulate, directly or indirectly, the operation of a risk retention group" as prohibited by 15 USC sec. 3902(a)(1). Requiring an RRG to pay the attorney fees for an insured who successfully defends an action filed by the RRG, seeking judicial determination that it had no duty to defend and pay an underlying claim, clearly is not in

conflict with Congress' intent through preemption to permit RRG's to operate free of a non-chartering state's attempts to regulate its formation or operations.

F.S. 627.951 governs risk retention groups such as PCIC, that are not certified in Florida. Subsection (1) states:

> "A risk retention group which violates any applicable provision of the Florida Insurance Code shall be subject to fines and penalties applicable to licensed insurers generally, including revocation of its license or the right to do business in this state."

Clearly the Florida legislature intended to treat RRG's, as permitted by the LRRA, in a non-discriminating manner and the same as any other insurer.

F.S. 627.428, part of the Florida Insurance Code, is a consumer protection statute designed to even the playing field between insureds and insurers in the event of contested claims. It is not a requirement as to the substantive terms of the insurance policy or a restriction on how a risk retention group operates. It applies when an insurer unilaterally decides it is not required to provide coverage under an insurance policy it sold to an insured, requests a court to decide the propriety of that action, and the court finds in favor of the insured and orders coverage. Actions such as PCIC's in seeking a declaration by the court that it had no duty to defend or pay a claim are business decisions by the insurer. As with any business decision, there is risk. That risk would be eliminated and such actions would be more prevalent and [probably] more successful if the financial burden to defend such an action were exclusively on the insured, win or lose. With its clear advantage in financial resources, there would be little incentive for an insurer not to contest many coverage issues,

knowing that the insured would need to defend the case out of pocket regardless of outcome. Traditional insurers factor in that risk when deciding whether to pursue coverage questions. Holding that LRRA preempts state statutes such as 627.428 would eliminate that risk for RRG's, place them at an advantage over traditional insurers, and most importantly, harm their insureds.[1] There is no indication in the LRRA that Congress intended such an outcome. As the Court stated in *Mears Transportation Group v. State of Florida, 34 F.3d 1013 (C.A. 11 (Fla.) 1994)*, :

> "Accordingly, Congress included in the 1986 amendments provisions to preserve the states' traditional role in regulating insurance and protecting the public. As the legislative history indicates, Congress intended to "augment[ ] the authority of non-chartering states to regulate solvency, trade practices and other matters" and "contemplated that States may enact statutes and issue regulations to protect the public to the extent such action is not exempt by th[e] Act." (*at p.1017*)

There is nothing in the LRRA or F.S. 627.428 which would make compliance with both laws a physical impossibility or obstacle to the intent of Congress.

**Florida did not intend to exempt risk retention groups from F.S. 627.428**

It is argued that in enacting Florida's risk retention statute, Section 627.944, the Florida legislature specifically declined to subject foreign risk retention groups to liability to its insured for

---

[1] Had it been previously established that RRG's were not subject to prevailing party attorney fees in any action with its insured (627.428), Eazy would not have been able to retain counsel to defend the dec action, the defense would have been abandoned, coverage would probably have been denied, and Eazy would have voluntarily dissolved. Had a judgment been entered against Eazy in the underlying state case and remained unsatisfied, adverse action could have been taken against Eazy's qualifier. (F.S. 489.129) The expectation that if successful, fees could be recovered, significantly influenced the outcome of this matter to Eazy's advantage.

prevailing party attorney fees.  However, the Code says no such thing.

The Florida Insurance Code is contained in F.S. Chapters 624-632, 634, 635, 636, 641, 642, 648, and 651.  Both the attorney's fees entitlement statute (627.428) and the risk retention statute (627.944) are part of the Code.  F.S. 624.11(2) states:

"Any risk retention group organized and existing under the provisions of the Product Liability Risk Retention Act of 1981 (Pub. L. No. 97-45), which has been licensed as an insurance company and authorized to engage in the business of insurance may transact insurance in this state and shall be subject to the provisions of ss. 624.15, 624.316, 624.418, 624.421, 624.4211, 624.422, 624.509, 626.112, 626.611, 626.621, 626.7315, 626.741, 626.932, 626.938, 626.9541, 627.351, and 627.915; part I of chapter 631; **and all other applicable provisions of the laws of this state.**"

An argument could be made that since the statute fails to specifically list section 627.428, the legislature must have intended to exclude that statute from those applicable to RRG's.  However, the last provision of the statute "**and all other applicable provisions of the laws of this state**" shows the list was not all-inclusive.  Compare that to F.S. 627.401 which states that no provision of this part of this chapter applies to:

(1) Reinsurance.

(2) Policies or contracts not issued for delivery in this state nor delivered in this state, except as otherwise provided in this code.

(3) Wet marine and transportation insurance, except ss. 627.409, 627.420, and 627.428.

(4) Title insurance, except ss. 627.406, 627.415, 627.416, 627.419, 627.427, and 627.428.

(5) Credit life or credit disability insurance, except ss. 627.419(5) and 627.428.

It is notable that the statute fails to include risk retention groups as an insurer exempt from Chapter

627. 401 and that as to the listed exempt insurance policies (wet marine, transportation, title, credit life and disability), section 627.428 still applies.  The legislature easily could have added risk retention groups to that list but did not.  It clearly saw the importance of awarding attorney fees to successful insureds in actions against an insurer, any insurer.

None of the applicable statutes, either federal or state, contain any language exempting section 627.428 from applying to risk retention groups operating in Florida who unsuccessfully sue their insureds.  There is no caselaw, either state or federal, stating that Congress intended an RRG to be exempt from a state statute requiring the paying of attorney fees when it unsuccessfully pursues a declaratory action against its insured.  In the absence of controlling authority, fairness and protection of consumers must prevail.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by electronic mail this 4th day of November, 2019 to: Justin N. Shindore, Esq. at justin.shindore@phelps.com

>BRADLEY E. LOLUS, P.A.
>Attorney For Defendant EAZY CONST.
>4300 N. University Drive
>Suite A-106
>Lauderhill, FL 33351
>Tel: (954) 749-3400
>E-mail: BELPSU@aol.com
>
>
> Bradley E. Lolus
>Bradley E. Lolus
>Fla. Bar #603041